IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYSON DICKINSON, | § | |
| TDCJ-CID NO. 1491494, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-09-3371 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Jayson Dickinson, a state inmate, seeks federal habeas relief pursuant to 28 U.S.C. § 2254 from his conviction for one count of domestic violence assault and two counts of unlawful possession of a firearm by a felon. (Docket Entry No.1). Respondent has filed a motion for summary judgment (Docket Entry No.11), to which petitioner has filed a response. (Docket Entry No.13). After considering the pleadings and the entire record, the Court will grant respondent's summary judgment motion.

I. BACKGROUND AND PROCEDURAL HISTORY

A grand jury in Fort Bend County, Texas, indicted petitioner on one count of assault of a family or household member and two counts of felon in possession of a firearm,[1] enhanced by prior convictions. *Dickinson v. State*, No.45,674A, Clerk's Record, pages 130-31. At the plea hearing on February 15, 2008, the state district judge in the 400th District Court of Fort Bend County, Texas, questioned petitioner on whether he understood the three counts in the case and the punishment range for each offense. (Docket Entry No.12, page 5). Petitioner responded affirmatively and entered a plea of guilty. (*Id.*, pages 5-6). Petitioner also

---

[1] In Count II, petitioner's felony status was based on a conviction in California. *Dickinson v. State*, No.45,674A, Clerk's Record No.45,674A, pages 131. In Count II, his felony status was based on a conviction in Arizona. *Id.*

1

affirmatively indicated that his plea was free and voluntary. (*Id.*, page 6). During further discussion regarding the charges of firearm possession, petitioner asked the judge whether charging him with the two counts constituted double jeopardy. (*Id.*, pages 6-7). The judge instructed petitioner to seek the advice of counsel. (*Id.*, page 7). When the hearing resumed, the judge read the charges in Counts II and III to petitioner and discussed the penalties associated with each count; petitioner then entered a guilty plea to each count. (*Id.*, pages 7-9). Petitioner again indicated that his plea was voluntary, freely given, unforced and made without inducement or promise. (*Id.*, page 9).

Petitioner also executed the Defendant's Plea of Guilty or Nolo Contendere, Written Admonishments, Waiver of Statutory and Constitutional Rights, Written Stipulation and Judicial Confession. *Dickinson*, No.45,674A, Clerk's Record, pages 137-41. Petitioner's attorney indicated by statement that he had consulted and advised petitioner and found him to be mentally competent to stand trial, that he understood the admonishments, and that he was fully aware of the consequences of his plea. *Id*., page 142. The attorney also indicated his belief that plaintiff's plea was voluntary and freely given. *Id*. The state district court entered an order finding petitioner competent and his plea to be knowing and voluntary. *Id.*, page 143.

The prosecutor recommended a punishment of five years confinement on each count, to run concurrently, and noted that petitioner had also waived any right to a post-conviction habeas corpus. (Docket Entry No.12, pages 10-11). The state district judge agreed to accept the State's recommendation, found petitioner guilty of the three counts, and sentenced him to three concurrent five-year terms of confinement in TDCJ-CID. (*Id*., page 11); *Dickinson*, No.45,674A, Clerk's Record at 143-45.

Petitioner filed a direct appeal, which was dismissed in May 2008, as untimely

filed.  *Dickinson v. State*.  No.01-08-00346-CR, No.01-08-00393-CR, No.01-08-00394-CR (Tex. App.—Houston [1st Dist.] 2008, no pet.).  Petitioner did not file a petition for discretionary review.  (Docket Entry No.11, Exhibit A).  Petitioner's first state habeas application was dismissed because his direct appeal was pending.  *Ex parte Dickinson*, Application No.WR-70,606-01, at Action Taken page.

Petitioner filed a second state habeas application in which he sought relief on the following grounds:

1. The indictment was defective because petitioner's assault conviction was improperly enhanced with a prior out-of-state conviction;

2. Petitioner was subjected to double jeopardy because he was tried and convicted in two counts for the same offense, *i.e.,* felon in possession of a firearm;

3. The felon in possession of a firearm charges were based on hearsay;

4. Petitioner was denied access to the law library; and,

5. Petitioner was denied the effective assistance of counsel, which rendered his plea involuntary.  Counsel and the prosecutor misrepresented the range of punishment and the state district judge threatened him with life imprisonment if he did not sign the plea agreement.

*Ex parte Dickinson*, Application No.WR-70,606-02, pages 256-66.  The Texas Court of Criminal Appeals found that additional facts were needed and issued an order to the state district court to supplement the record and to make findings of fact and conclusions of law.  *Ex parte Dickinson,* Application WR-70,606-02, Supplemental Record of Order Issued December 10, 2008.  Upon further review, the state district court, sitting as a habeas court, recommended that relief be denied and entered Findings of Fact and Conclusions of Law.  *Ex parte Dickinson*, Application No.WR-70,606-02, Supplemental Record, pages 17-18.  The Texas Court of Criminal Appeals

3

denied the second state writ application without written order on the findings of the trial court without a hearing.  Texas court website.[2]

In the pending federal action, petitioner seeks habeas relief on the following grounds:

1. The state district court erred in making a deadly weapon finding;

2. Petitioner was denied the effective assistance of counsel at trial when trial counsel misrepresented the punishment that petitioner would receive if he did not sign the plea agreement, did not explain petitioner's rights or what he was signing, and did not object to a deadly weapon finding;

3. His plea was involuntary because the state district judge threatened him with a longer sentence if he did not sign the State's plea agreement; and,

4. He was subjected to double jeopardy because he was convicted of two counts of the same offense.

(Docket Entry No.1).

Respondent moves for summary judgment on grounds that some of petitioner's claims are unexhausted and procedurally barred, and alternatively that petitioner's claims are without merit.  (Docket Entry No.11).

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park,*

---

[2] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2385299

*Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings."  *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

In the context of federal habeas proceedings, adjudication "on the merits" is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural.  *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).  Under Texas law, denial of a habeas petition, as opposed to a dismissal, suggests that the state court's adjudication of claims asserted by the habeas petition was on the merits.  *See Salazar v. Dretke*, 419 F.3d 384, 398-99 (5th Cir. 2005).  Denial by the Texas Court of Criminal Appeals of a state habeas application without written order is an "adjudication on the merits" within the meaning of the federal habeas statute, where a procedural ground for denying the application does not appear in the state habeas record.  *See Thompson v. Johnson*, 7 F.Supp.2d 848, 870 (S.D. Tex. 1998).

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 411-13 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts

6

in a manner that is so patently incorrect as to be 'unreasonable.'"  *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Under the AEDPA, the petitioner retains the burden to prove that he is entitled to habeas corpus relief.  *Williams*, 529 U.S. 362.  While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.  *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts).  Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party.  *Id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *Id.*

## A. Barred Claims

Respondent contends that petitioner's claims in the pending petition that the state district court erred in making a deadly weapon finding and the trial judge threatened him if he did not plead guilty are unexhausted and procedurally barred from review.  (Docket Entry No.11).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.

1995).  The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c),

reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those

statutes provide in pertinent part as follows:

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that  –
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)   there is an absence of available State corrective process; or
>
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> *      *      *      *      *
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must

have presented all of his habeas corpus claims fairly to the state's highest court before he may

bring them to federal court.  *See Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169

F.3d 295, 302 (5th Cir. 1999).  A claim is exhausted when a habeas petitioner provides the

highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that

the applicant 'present his claims before the state courts in a procedurally proper manner

according to the rules of the state courts.'"  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)

(quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).  The substance of a federal claim is

deemed "fairly presented" in state court for purposes of the exhaustion doctrine only if the

petitioner relies upon identical facts and legal theories in both of the state court proceeding and

the action for federal habeas relief.  *Picard v. Connor*, 404 U.S. 270, 275-75 (1971); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

The record in this case shows that petitioner exhausted his claim that the state district judge threatened him.  As in the present case, petitioner complained in his state habeas application that on the day of the plea hearing, the judge threatened him with a longer sentence if he did not sign the State's plea agreement.  *Ex parte Dickinson*, Application No.WR-70,606-02, page 265.  Because this claim was presented to the Texas habeas courts, petitioner has exhausted such claim for federal habeas review.

Petitioner did not challenge in his state habeas application the state district court's alleged error in making a deadly weapon finding; therefore, petitioner did not exhaust such claim in state court before bringing it in the pending federal petition.  Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509 (1982). Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. (Docket Entry No.11).

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground.  *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996).  A procedural bar for federal habeas review also occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred.  *Coleman,* 501 U.S. at 735 n.1.

Texas prohibits successive writs challenging the same conviction except in

narrow circumstances.  TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005).  The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1)   the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

> (2)   by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.*  The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly.  *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Petitioner's federal habeas petition does not contain specific facts to establish the deadly weapon finding claim in the pending habeas action could not have been raised in his state habeas petition or that he is innocent.  Therefore, petitioner's unexhausted claim does not fit within the exceptions to the successive writ statute and would be procedurally defaulted in state court.  *Coleman*, 501 U.S. at 735 n.1.  Such a bar precludes this Court from reviewing petitioner's claim absent a showing of cause for the default and actual prejudice attributable to the default.  *Id.* at 750.

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment.  *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).  Petitioner, however, fails to address the default, the cause of the

default, or prejudice resulting from the default in his response to the motion for summary judgment.  (Docket Entry No.13).  Accordingly, the Court will dismiss as procedurally barred petitioner's claim regarding the deadly weapon finding.

### B. Involuntary Plea & Ineffective Assistance of Counsel

Respondent moves for summary judgment on petitioner's claim that his plea was involuntary because it was based on threats by his trial counsel and the state district judge that he would receive thirty-five years confinement as punishment if he did not agree to the State's plea offer.[3]  (Docket Entry No.11).  Respondent claims the record shows that petitioner's plea was both knowing and voluntary.  (*Id.*).

"To be valid, a guilty plea must be voluntary, knowing and intelligent.  *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).  The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt."  *Matthew v. Johnson*, 201 F.3d 353, 364-65 (5th Cir. 2000).  The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel.  *Washington*, 480 F.3d at 315 (citation omitted).  Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so

---

[3] Liberally construing petitioner's claims regarding the state district judge's threat and trial counsel's deficiencies, the Court finds that such claims are subsumed with plaintiff's claim that his plea was involuntary.  Therefore, the Court will address all of these claims together.

intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

The documents that petitioner executed and the record of the plea hearing show that petitioner received real notice of the true nature of the charges against him, that he indicated that he understood the charges against him and the constitutional protections that he waived, and that he openly stated that he was not induced or coerced by the State in any way to enter a guilty plea. (Docket Entry No.12); *Dickinson v. State*, No.45,674A, Clerk's Record No.45,674A, pages 130-31, 137-45). The record reflects no evidence of a threat by the state district judge, petitioner's trial counsel, or the prosecutor.

The state habeas courts found that petitioner's guilty plea was entered knowingly, intelligently, and voluntarily. *Ex parte Dickinson*, Application No.WR-70,606-02, Supplemental Record, page 17. Petitioner presents no evidence contravening the record or rebutting the state courts' findings. Accordingly, he fails to show his entitlement to federal habeas relief on his claim that his plea was involuntarily induced by a threat from the state district judge or his trial attorney.

Likewise, petitioner fails to show that his trial counsel's performance was prejudicial or deficient or that his plea was involuntary because he was denied the effective assistance of counsel. A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."

12

*United States v. Broce*, 488 U.S. 563, 569 (1989).  A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." *Id*. at 570.  A voluntary guilty plea waives all non-jurisdictional defects in the proceedings below except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)).  "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972).  Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner claims that his trial counsel "lied," and led petitioner to believe that he would get thirty-five years if he did not sign the State's plea offer.  (Docket Entry No.1).  He also complains that his trial counsel did not explain his rights or what he was signing and he did not

object to the deadly weapon finding.  (*Id.*).  In his response to the summary judgment motion, petitioner contends that when he questioned his attorney about the double jeopardy issues during the plea hearing, his attorney advised him to plea to all three counts or "they" would give him the maximum term.  (Docket Entry No.13).  In support, petitioner has attached a copy of a document entitled, "Notice of Criminal Case Reset," dated December 13, 2007, which states that the criminal case has been reset for disposition and indicates a recommendation on punishment at "35 TDCJ."[4]  (Docket Entry No.35).

The record, however, belies petitioner's complaint of deficient performance by his trial attorney.  At the plea hearing on February 15, 2008, more than two months after the Notice of Criminal Case Reset, the state district judge informed petitioner that the range of punishment for each offense was two to ten years.  (Docket Entry No.12, pages 5-9).  Petitioner executed a judicial confession and written admonishments, wherein he indicated that he understood the nature of the charges, the punishment range and the consequences of his plea.  *Dickinson*, No.45,674A, Clerk's Record , pages 137-41.  He initialed a paragraph in the Written Stipulation and Judicial Confession that the State's recommended punishment was five years in TDCJ on all three accounts.  *Id.*, page 140.  He initialed other paragraphs, in which he stated that he understood the nature of the charges against him, and that his plea was freely, knowingly, and voluntarily entered.  *Id.* page 141.  Petitioner further acknowledged that he had consulted fully with his trial counsel and was satisfied with counsel's representation.  *Id.*  Such attestation carries a strong presumption of verity.  *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

---

[4] Apparently, the State's original offer was thirty-five years' confinement in TDCJ. *Ex parte Dickinson*, Application No.WR-07,606-2, Supplemental Record, pages 17 (Findings of Fact).  However, petitioner acknowledged by initial on the Written Stipulation and Judicial Confession that the prosecutor would recommend to the Court that punishment be assessed at five years confinement in TDCJ on all three counts, a deadly weapon finding on Counts II and III, and waiver of appeal and collateral relief.  *Dickinson,* No.45,674A, Clerk's Record, page 140.

14

Petitioner's trial counsel Ken Bryant attested by affidavit in state habeas proceedings that he did not advise petitioner that he would be sentenced to thirty-five years.  *Ex parte Dickinson*, Application No.WR-70,606-02, Supplemental Record, page 16.  Byrant attested that he advised petitioner that the prosecutor thought he could obtain a deadly weapon finding and that he objected to such findings but petitioner decided to accept the plea offer to prevent trial.  *Id*.  Bryant further attested that he also informed petitioner that the prosecutor believed the facts supported two convictions for unlawful weapon possession; Byrant, however, did not originally share the prosecutor's belief.  *Id*.  Bryant did not recall telling petitioner that the facts would support two convictions for unlawful possession of a firearm, but petitioner told him that he did not want to take a chance.  *Id.*

The state habeas courts found that petitioner's trial counsel did not advise petitioner that he would be sentenced to thirty-five years confinement, but relayed to petitioner the State's position that a deadly weapon finding could be obtained, thus enhancing petitioner's punishment.  *Id*. at 17.  The state habeas courts further found that petitioner's trial counsel informed petitioner that he disagreed with the State's position on the deadly weapon finding but petitioner insisted on pursing a plea agreement and not proceeding to trial because he did not want to take a chance.  *Id*.

Petitioner presents no evidence that but for trial counsel's alleged deficiencies, he would not have entered a guilty plea.  Moreover, petitioner presents no credible evidence to overcome the state habeas courts' findings regarding his attorney's performance and no credible evidence to overcome findings that that his plea was voluntary, knowing, and intelligent.  Based on this record, the Court finds that petitioner has failed to show his entitlement to relief under the AEDPA standard with respect to his claims of an involuntary plea and his trial counsel's

15

representation.

## C. Double Jeopardy

Respondent moves for summary judgment on petitioner's claim that Counts II and II of his judgment, *i.e.,* the two convictions for the offense of felon in possession of a firearm, are the same offense, thereby violating his right against double jeopardy. (Docket Entry No.11). Respondent argues that petitioner's claim should be dismissed pursuant to the plea bargain[5] or go un-reviewed pursuant to the concurrent sentence doctrine. (*Id.*).

"The concurrent sentence doctrine is a tool used to promote judicial economy" whereby "the existence of one valid conviction makes unnecessary the review of other convictions which run concurrently with the valid conviction.'" *United States v. Stovall*, 825 F.2d 817, 824 (5th Cir. 1987), *amended on other grounds*, 833 F.2d 526 (5th Cir. 1987). The Fifth Circuit "has long applied the concurrent sentence doctrine in habeas corpus cases, such that if a prisoner's conviction and sentence on one count are upheld, then it is proper for a court to decline review [of] identical sentences on other grounds and to deny habeas relief on that basis." *Williams v. Maggio*, 714 F.2d 554, 555 (5th Cir. 1983); *Rogers v. Wainwright*, 394 F.2d 492, 493 (5th Cir. 1968). However, if the possibility exists that a prisoner may suffer adverse collateral consequences from the un-reviewed convictions, then a habeas petition should be dismissed without prejudice to them. *Scott v. State of Louisiana*, 934 F.2d 631, 635 (5th Cir. 1991).

The state habeas courts found that petitioner's two "convictions for unlawful possession of a firearm were based on the possession of the same firearm." *Ex parte Dickinson*, Application No.WR-70,606-02, Supplement Record, page 17. The state courts, however, took

---

[5] The Court notes that the state habeas courts did not forego review of petitioner's claims in his state habeas application pursuant to petitioner's plea bargain. This Court also declines to forego such review.

no action because "the punishments for those offenses are running concurrently and are thirty years less than the State's original offer of thirty-five years' confinement." *Id.*

Although the state habeas courts did not apply concurrent sentence doctrine, Respondent indicates that the State is agreeable to vacating one of the weapon possession convictions under the concurrent sentence doctrine and suspending imposition of that sentence. Respondent indicates that "the sentences are concurrent, there are no fines, and there is nothing in the record or in the law suggesting that Dickinson will suffer adverse consequences as a result of his second count for felon in possession of a firearm." (Docket Entry No.11, page 24).

The Court finds no adverse collateral consequences from the application of the concurrent sentence doctrine in this case. Petitioner's sole contention on the merits is that he was subjected to double jeopardy by being convicted for two offenses which he claims are the same crime. The maximum habeas relief would be the invalidation of one of the sentences; the two sentences are identical in length and therefore, it would not matter which one were set aside. *See Williams*, 714 F.2d at 556. The Court, therefore, will order the felon in possession of a firearm conviction as stated in Count III of the indictment to be vacated and the imposition of the five year concurrent sentence be suspended.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated

differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that reasonable jurists could not debate the denial of petitioner's habeas action on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Therefore, a certificate of appealability from this decision will not issue.

<u>IV. CONCLUSION</u>

Based on the foregoing, the Court ORDERS the following:

1.   Respondent's Motion for Summary Judgment (Docket Entry No.11) is GRANTED.

2.   Petitioner's petition for federal habeas relief with respect to his conviction for domestic violence assault as stated in Count I of the indictment and his conviction for felon in possession of a firearm as stated in Count II of the indictment are DENIED with prejudice.

3.   Petitioner's petition for federal habeas relief with respect to his conviction for felon in possession of a firearm as stated in Count III of the indictment is DENIED without prejudice and that the conviction as stated in Count III of the indictment is VACATED and the sentence SUSPENDED in light of the concurrent sentence doctrine.

18

4.      Respondent shall update petitioner's prison records to show that the conviction for felon in possession of a firearm as stated in Count III of the indictment is vacated and the sentence suspended.

5.      A certificate of appealability is DENIED.

6.      All motions not previously ruled on are hereby DENIED.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 19th day of August, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE